11-507-ag
Wu v. Holder

BIA
Bain, IJ
A094 784 348

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:
RALPH K. WINTER,
JOSEPH M. McLAUGHLIN,
REENA RAGGI,
*Circuit Judges.*

_____

RONG WU,
*Petitioner,*

v.                                    11-507-ag
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        David A. Bredin, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Channah M. Farber, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Rong Wu, a native and citizen of the People's Republic of China, seeks review of a January 14, 2011, order of the BIA affirming the October 6, 2009, decision of Immigration Judge ("IJ") Quynh Vu Bain, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Wu*, No. A094 784 348 (B.I.A. Jan. 14, 2011), *aff'g* No. A094 784 348 (Immig. Ct. N.Y. City Oct. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We grant the petition for review and remand for further consideration as we cannot conclude that the agency would reach the same result absent the error in its adverse credibility determination.

The IJ found that Wu's failure to disclose the fact that she was detained and subject to a forcible abortion in her visa application or during a related consular interview undermined her credibility. However, this finding was not supported by the record because the visa application Wu completed asked only about criminal arrests and prosecutions, and the record does not show that the forcible abortion was related to a criminal proceeding.

Our conclusion that this finding was not supported by the record does not end our inquiry. Remand is not appropriate if "there is no realistic possibility that, absent the error[] [we have identified], the IJ or BIA would have reached a different conclusion" regarding Wu's credibility. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005). Here, the agency reasonably relied on discrepancies between Wu's testimony about how she met her fiancé and the fiancé's statements in his 2006 petition for Wu's visa and the fact that while Wu was undisputedly in the United States in 2008 the household register from China that she submitted listed her as a member of her father's household. These findings are supported by the record, and the agency was not compelled to accept Wu's explanations

3

regarding the discrepancies between her and her fiance's statements about their relationship. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

However, these discrepancies concerned documents and testimony unrelated to Wu's central claim of past persecution. Although we recognize that under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible," *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), because these discrepancies are not central to Wu's claim we cannot conclude that, absent the IJ's conclusion that Wu failed to disclose her forced abortion, the agency would necessarily have concluded that the totality of the circumstances supported the adverse credibility determination. *Cf. Cao He Lin*, 428 F.3d at 401.

4

We are especially wary of presuming that the agency would have found these discrepancies sufficient given the caution to be used in basing credibility determinations on an alien's statements or actions in fleeing the country of persecution, *see Siewe v. Gonzales*, 480 F.3d 160, 170-71 (2d Cir. 2007) (pre-REAL ID Act case discussing limits to the maxim of *falsus in uno, falsus in omnibus*), and the fact that the discrepancy in the household register related to a fact not in dispute, *i.e.*, Wu's presence in the United States.

Accordingly, we remand the case for the agency to reevaluate Wu's credibility. Thus we do not address Wu's argument that the agency should have separately adjudicated her claim for CAT relief. We express no opinion as to the ultimate outcome on remand.

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk